UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 09-cv-02655-REB

MICHAEL MEREDITH,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

## ORDER AFFIRMING COMMISSIONER

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#3], filed November 12, 2009, seeking review of the Commissioner's decision partially denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that he is disabled as a result of pain associated with degenerative disc disease of the lumbar and cervical spine and myofascial pain syndrome. After his applications for disability insurance and supplemental security income benefits were denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on July 13, 2009. At the time of the hearing, plaintiff was 29 years old. He has a high school education and past relevant work experience as a

recreational aide, accounts receivable and payable clerk, fast food worker and manager, delivery van helper, maintenance repair person, and stock clerk. He has not engaged in substantial gainful activity since September 9, 2007, his alleged date of onset.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance or supplemental security income benefits. Although the medical evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ found that plaintiff had the residual functional capacity to perform a range of light work with postural limitations. Based on this determination, she concluded that plaintiff could perform his past relevant work. Alternatively, the ALJ found that even if plaintiff were limited to sedentary work with the same postural limitations, there were other jobs existing in significant numbers in the national and local economies that he could perform. She therefore found plaintiff not disabled at both step four and step five of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II. STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the

impairments in making a disability determination." **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. *See Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f).[1]  **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  **Id.**  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  **Casias v. Secretary of Health & Human Services**, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  **Hamilton v. Secretary of Health and Human Services**, 961 F.2d 1495, 1497-98 (10th Cir. 1992); **Brown v. Sullivan**, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  **Brown**, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  **Hedstrom v. Sullivan**, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  **Musgrave v. Sullivan**, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  **Thompson v. Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993).

---

[1] Throughout this opinion, although I cite to relevant sections of Part 404 of Title 20 C.F.R., which contain the Commissioner's regulations relating to disability insurance benefits, identical, parallel regulations can be found in Part 416, relating to supplemental security income benefits.

Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

### III. LEGAL ANALYSIS

Plaintiff faults the ALJ for accepting the opinion of a state agency physician, Dr. Alan Ketelhohn (*see* Tr. 355-362), over that of a consultative examiner, Dr. Alan Lichtenberg (Tr. 337-340). More particularly, he claims that the ALJ gave insupportable reasons for rejecting Dr. Lichtenberg's opinion and that, considering the relevant factors set forth in the Commissioner's regulations for weighing medical source opinions, Dr. Lichtenberg's opinion was entitled to more weight. Plaintiff also argues that the ALJ improperly ignored the disability opinion of plaintiff's treating orthopedist. Finding no reversible error in the ALJ's decision, I affirm.

In determining whether a claimant is disabled, the Commissioner always must consider the medical opinions of record. 20 C.F.R. § 404.1527(b). These opinions are evaluated and weighed in relation to a number of factors, including the source's specialization, his or her examining and treating relationship to the claimant, the opinion's supportability in and consistency with the medical and other evidence of record, and any other factors that tend to support or contradict the opinion. *Id.* § 404.1527(d). In light of these factors, the opinion of a consultative examiner, who personally examined and evaluated the claimant, generally will be entitled to more weight than that of a doctor who merely reviewed medical records. **Vargas v. Sullivan**, 898 F.2d 293, 295-296 (2nd Cir. 1990); **Bradley v. Bowen**, 809 F.2d 1054, 1057 (5th Cir. 1987). Nevertheless, "State agency medical and psychological consultants are highly

qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the Act," and "[i]n appropriate circumstances, [their] opinions . . . may be entitled to greater weight than the opinions of treating or examining sources." **Social Security Ruling 96-6p**, 1996 WL 374180 at *2-*3 (SSA July 2, 1996).

The ALJ agreed with Dr. Ketelhohn's suggestion that Dr. Lichtenberg's opinions were "not well supported" in light of evidence that plaintiff exhibited "unsupported gait without limp, negative neurological exam, and good range of motion." (Tr. 23; *see also* Tr. 361.) Plaintiff argues that these reasons are unsupported or contradicted by the medical evidence. Assuming *arguendo* that the ALJ was required to articulate *any* reasons for the relative weight she afforded these non-treating source opinions,[2] those she cited provide no basis for a finding of reversible error.

Although plaintiff points out that he occasionally uses a cane to walk, the ALJ's opinion does not state that plaintiff is able to walk without assistance but instead that he does not limp when walking unassisted. The ALJ elsewhere noted that plaintiff uses a cane occasionally, but remarked that such had not been prescribed to him. (Tr. 22.) To the extent plaintiff claims that the genesis of his spinal impairments are not neurologic but related to disc impingements, the ALJ's careful and meticulous recitation of the medical evidence confirms that the objective medical findings in relation to these issues were minimal. (Tr. 19, 334-335.) Thus, any error in this regard is patently harmless.

---

[2] Although the courts of this circuit appear not to have addressed this issue, the United States Court of Appeals for the Sixth Circuit has held that the requirement to give "good reasons" for affording less than controlling weight to treating source opinions is not applicable to the ALJ's discussion of other medical source opinions, noting that the requirement for articulating such reasons is set forth only in 20 C.F.R § 404.1527(d)(2) but not reiterated elsewhere in the regulation. ***Smith v. Commissioner of Social Security***, 482 F.3d 873, 876 (6th Cir. 2007). ***Accord Morgan v. Astrue***, 2009 WL 5195980 at *18 n.23 (M.D. Tenn. Dec. 21, 2009); ***Daniels v. Astrue***, 2008 WL 4148872 at *7 (E.D. Ky. Sept. 3, 2008).

***Bernal v. Bowen***, 851 F.2d 297, 303 (10th Cir. 1988).  Finally, although plaintiff clearly does not have full spinal range of motion consistently, the postural restrictions ultimately included in plaintiff's residual functional capacity more than adequately account for his limitations in that regard.  Again, therefore, any error in the statement of the ALJ's reasons was harmless.  ***Id.***[3]

Lastly, plaintiff claims the ALJ erred in not expressly addressing the opinion of Dr. James Thomas, an orthopedic surgeon to whom a chiropractor referred plaintiff for evaluation shortly after his initial injury.[4]  (Tr. 295-300.)  On March 23, 2006, Dr. Thomas noted that plaintiff was "[t]emporar[ily] and totally disabled."  (Tr. 300.)  Given that this opinion was clearly not meant as a statement of plaintiff's permanent functionality, that it was issued some 18 months prior to his alleged date of onset, and that Dr. Thomas released plaintiff from his care just four months later, noting that plaintiff had normal range of motion of the cervical spine "with minimal discomfort" (Tr. 284), and that he had "returned to his normal activities" (Tr. 285), the ALJ's failure to mention this opinion is clearly harmless as well.  ***Bernal***, 851 F.2d at 303.

---

[3] Even if the ALJ did err in accepting the opinion of the reviewing physician over that of the examining source, she made an alternative step-5 determination that was premised on the limited sedentary exertional restrictions suggested by Dr. Lichtenberg.  (Tr. 24-25, 43-45; ***cf.*** Tr. 340.)  Plaintiff points to no error in that conclusion, and I find none apparent.  For this reason, plaintiff cannot show that any error in not fully crediting Dr. Lichtenberg's opinion affected his substantial rights and thus warrants remand.  ***See Bernal***, 851 F.2d at 303.

[4] Plaintiff was involved in a rear-end collision in December, 2005, sustaining whiplash and other injuries.  (***See*** Tr. 295.)

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated September 29, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge